SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 South Melrose Drive, Suite 209
Vista, CA 92081
Ph: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff
NASRIN SHAPOURI

**U.S. DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

NASRIN SHAPOURI, an individual,

Plaintiff,

vs.

MACY'S CORPORATE SERVICES, INC.; and DOES 1-10,

Defendants.

Case No.:

**COMPLAINT FOR VIOLATIONS OF:**

1. **TELEPHONE CONSUMER PROTECTION ACT,**
2. **STATE OF CALIFORNIA ROSENTHAL ACT**

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, an individual, by and through her attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendant MACY'S CORORATE SERVICES, INC. (hereinafter "Defendant

MACY'S") for charging interest upon a no-balance statement, and for calling Plaintiff's wireless cellular telephone multiple times—without prior express consent—by utilizing an automatic telephone dialing system (ATDS) and pre-recorded and artificial voice messages.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*,

2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

6. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

7. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION & VENUE

8. This action partially arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012)); and State of California causes of action, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

5. Because Defendant regularly does business in the County of Los Angeles, State of California and maintains an agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, City of Sacramento, State of California, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the County of Los Angeles, and witnesses are located within this location, venue properly lies in this court.

## PARTIES & DEFINITIONS

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, and therefore is and was a "person" as defined by 47 U.S.C. §

153(39).

8. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a natural person whose permanent residences is in the County of Los Angeles, State of California, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

10. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

11. As a partnership, corporation, limited liability company, or other similar entity, Defendant is therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

12. Defendant alleged that they were collecting monies owed to them by way of interest upon a line of personal credit issued to Plaintiff for use in making purchases for her everyday living expenses. Therefore, Plaintiff is informed and believes that the money alleged to have been owed to Defendant originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) of the Rosenthal Act.

13. Therefore, the money that Defendant was attempting to collect was a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e)

of the Rosenthal Act.

14. Because Plaintiff, a natural person allegedly obligated to pay money arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts owed or due or asserted to be owed or due on behalf of themselves, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

16. Plaintiff and Defendant entered into a business transaction whereby Defendant provided to Plaintiff a line of personal credit for Plaintiff to use in connection with making purchases of personal property in exchange for Plaintiff to repay to Defendant the principal amount spent plus interest.

17. The bill dated January 27, 2015 sent to Plaintiff by Defendant shows that Defendant was trying to collect a minimum payment of $25.00 upon a balance of only $4.00, and the $4.00 was only added to the account due to interest upon the previous months' balances.

18. The bill dated February 27, 2015 shows that Defendant credited $2.00 to the allegedly outstanding $4.00 amount, but then added another $2.00 in interest, and

although no purchases had been lodged to the account by Plaintiff, the bill claimed that Plaintiff's past due balance was $23.00 and also claimed that Plaintiff had a minimum payment due of $42.13, and her "new balance" was only $4.00.

19. The bill dated March 27, 2015 shows that Defendant claimed a past due amount of $42.13 and a revolving balance of $22.04, even though Plaintiff did not have any purchases upon the previous month's bill.

20. Plaintiff did have a legitimate purchase of $60.17 added to the March bill.

21. Plaintiff paid the $60.17 owed plus an additional $6.00 that Defendant had added to the purchase amount by way of $2.00 interest plus $4.00 that Defendant claimed was the previous months' balance.

22. Even though Plaintiff paid the $66.17 in full to bring her balance to $0.00, Defendant's bill dated April 27, 2015 shows that Defendant against charged $2.00 interest even though there was no purchase made upon this month's bill.

23. As a result of Defendant alleging that Plaintiff owed them money in default for the interest and other unknown charges upon the February and March 2015 bills, in early April 2015, Defendant began placing multiple calls to Plaintiff on a daily basis, and the pattern was that Defendant would call four times per day.

24. The calls were placed to Plaintiff's wireless cellular telephone number ending 4030.

25. The number from which Plaintiff received the above calls is 800-511-3207, which, when called, is answered by someone who identifies the line as a Macy's line.

26. Every call placed to Plaintiff's cellular telephone resulted in her hearing a pre-recorded and/or artificial message informing her that the call is being placed by Defendant and asking her to wait for a live agent, which has given Plaintiff information and belief that Defendant's calls to her cellular telephone were placed with an ATDS.

27. An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B). Automatic telephone dialing systems place calls without human intervention until a connection is made with a person on the receiving end of the call, at which time the dialers attempt to connect the recipient with a live agent of the debt collector.

28. The calls to Plaintiff's cellular telephone were not for emergency purposes, as they were intended solely for debt collection activity.

29. On April 19, 2015, Plaintiff sent an email to Defendant that read:

> Please stop calling my cell phone. I keep receiving calls from 800-511-3207 which is a Macy's number. My cell phone number is XXX-XXX-4030. (redacted by attorney for privacy reasons)

30. Defendant still persisted in calling Plaintiff.

31. On April 22, 2015, Plaintiff sent a written letter to Defendant's fax number 800-417-2698—which is the number listed on Defendant's website for customers to deliver fax transmission—that read:

> I have a Macy's credit card account with you guys, account # XX-XXX-XXX-085-0. Please stop calling my cell phone number XXX-XXX-4030. I have received too many calls. The calls come from phone number 800-

511-3207. I sent an email on 4-19-15 regarding this as well. (redacted by attorney for privacy reasons).

32. Plaintiff has proof via fax confirmation that the April 22nd letter was received by Defendant.

33. After Plaintiff's email from April 19, 2015, Defendant persisted in calling Plaintiff's cellular telephone number 4030 with an ATDS and pre-recorded and artificial voice message a total of 19 times.

34. Defendant's unlawful harassment in connection with unnecessary debt collection activity has caused mental anguish to Plaintiff, in that she has suffered annoyance, anxiety, stress, loss of sleep, feelings of hopelessness and despair over the fact that she is being distracted in her work obligations by Defendant's incessant calls and refusal to honor her request to stop calling her.

35. As a result of Defendant's pattern of excessive calls on a daily basis, Plaintiff began to feel anxiety, stress, frustration, worry, loss of sleep, arguments within her marriage over the fact that she is being bothered by Defendant on a daily basis, as well as feelings of hopelessness and oppression over the fact that Defendant would not leave her alone regarding monies she did not actually owe to Defendant.

**FIRST CAUSE OF ACTION**
**(TCPA)**
**47 U.S.C. § 227(b)**

36. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

37. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system (ATDS) and pre-recorded voice messages to call Plaintiff's wireless cellular phone at least 19 times after she specifically revoked consent to be called.

38. Since the calls were placed for debt collection attempts, the calls were not for emergency purposes.

39. Said violations of the TCPA were willful, as Plaintiff specifically informed Defendant in her written communications that they were calling her cell phone number and she desired that the calls cease, yet they persisted.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF ROSENTHAL ACT)**
**CAL. CIV. CODE §§ 1788-1788.32**

40. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

41. By persisting its call volume of four calls per day on a daily basis, even after Plaintiff specifically instructed Defendant in writing to not call her, Defendant committed the following violations of the Federal FDCPA, all of which have been incorporated into the RFDCPA via Calif. Civ. Code § 1788.17:

a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

b. Causing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of 15 U.S.C. § 1692d(5), and

c. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

42. Defendant's harassing volume of calls also violates California Civil Code § 1788.11(d) for causing a telephone to ring repeatedly or continuously to annoy the person called.

43. By repeatedly charging interest to Plaintiff upon a non-existent balance, Defendant committed the following violations of the Federal FDCPA, all of which have been incorporated into the RFDCPA via Calif. Civ. Code § 1788.17:

a. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

b. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**<u>As to the First Cause of Action (TCPA):</u>**

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),

Plaintiff seeks $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

2. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**As to the Second Cause of Action (RFDCPA):**

1. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
2. An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
3. An award of actual damages pursuant to California Civil Code § 1788.30(a);

///

///

///

///

///

///

4. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).

DATED: 05/15/2015

/s/ Jared M. Hartman, Esq.
JARED M. HARTMAN, ESQ.
Attorney for Plaintiff,

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 05/15/2015

/s/ Jared M. Hartman, Esq.
JARED M. HARTMAN, ESQ.
Attorney for Plaintiff,